**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUN 28 2019

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ERIC CHAVEZ, an individual and on behalf of all others similarly situated,<br><br>       Plaintiff - Appellant,<br><br> v.<br><br>CONVERSE, INC., a Delaware corporation Defendant - Appellee,<br><br>       Defendant - Appellee. | No.   17-17070<br><br>D.C. No. 5:15-cv-03746-NC<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Northern District of California
Nathanael M. Cousins, Magistrate Judge, Presiding

Argued and Submitted June 14, 2019
Pasadena, California

Before:  SCHROEDER and M. SMITH, Circuit Judges, and RAKOFF,[**] District Judge.

Converse requires its retail employees to undergo "off the clock" exit inspections every time they leave the store. Seeking compensation for these exit

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The Honorable Jed S. Rakoff, United States District Judge for the Southern District of New York, sitting by designation.

inspections, plaintiff Eric Chavez brought the instant class action on behalf of himself and similarly situated Converse employees. The District Court granted summary judgment for Converse, holding the Chavez's claims were barred by the federal *de minimis* doctrine, which precludes recovery for otherwise compensable amounts of time that are small, irregular, or administratively difficult to record. The California Supreme Court subsequently held in *Troester v. Starbucks Corp.*, 421 P.3d 1114 (Cal. 2018), that the federal *de minimis* doctrine does not apply to wage and hour claims brought under California law.[1]

For substantially the reasons given in the related case, *Rodriguez v. Nike Retail Services, Inc.*, No. 17-16866, we hold that the District Court erred in granting summary judgment based on the federal *de minimis* doctrine. We likewise hold that on the current record there are no alternative grounds for affirmance. Accordingly, we reverse and remand for further proceedings consistent with *Troester*.

Each party shall bear its own costs on appeal.

**REVERSED AND REMANDED.**

---

[1] We assume familiarity with the facts and procedural history of this case.